IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLON HUNT and NORLENA DAVIS,<br><br>          Plaintiffs,<br><br>     v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>          Defendants._____/ | No. C-11-1352-EDL<br><br>**ORDER  RE: APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSAL WITHOUT PREJUDICE** |

   Plaintiffs Tylon Hunt filed his complaint and Application to Proceed In Forma Pauperis on March 21, 2011.[1]  Plaintiffs have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c).  For the reasons set forth below, the Court GRANTS Plaintiff's application to proceed in forma pauperis and dismisses Plaintiff's complaint without prejudice.

   Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor."  In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action or that the action fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).  Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense

---

[1]Plaintiff Norlena Davis, also named in the complaint, did not file an application to proceed in forma pauperis.  However, the allegations of the complaint indicate that Ms. Davis receives social security benefits from her father, Plaintiff Tylon Hunt.

of answering such complaints. Id. at 324.

Plaintiff's Application to Proceed In Forma Pauperis adequately alleges Plaintiff's poverty. Plaintiff states that he is not employed, that he receives social security benefit payments which are turned over to his three children, and that he has $18 in the bank. His wife has some income, but the family's expenses for their car and mortgage exceed this income. Because Plaintiff qualifies for In Forma Pauperis status, his Application should be granted.

However, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that fails to state a claim upon which relief may be granted. Plaintiff's complaint is generally difficult to comprehend but consists of allegations that Defendants, various divisions of city, county and state government, committed California state law fraud, negligence and concealment by failing to provide his with certain medical records. The complaint states that "[t]his Court has jurisdiction over ths [sic] complaint because it arises under the laws of the United States." Compl. ¶ 2. However, Plaintiff's complaint does not provide a basis for federal jurisdiction under 28 U.S.C. § 1331 because it consists solely of state law claims and, in fact, is written on a Judicial Council of California state law complaint form. Further, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332 where Plaintiffs are California residents (Compl. ¶ 1) and the defendants are all California city, county and state governmental entities. Accordingly, the Court DISMISSES Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Dated: April _8_, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

2